IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br><br><br>　　　　　vs.<br><br><br>BARRY LEE BREWER,<br><br>　　　Defendant. | MEMORANDUM DECISION AND<br>ORDER DENYING DEFENDANT'S<br>MOTION TO SUPPRESS<br><br><br><br><br>Case No. 2:06-CR-408 TS |

     This matter is before the Court on Defendant's Motion to Suppress.  Defendant moves to suppress evidence found on his person during a traffic stop. He originally challenged the validity of the stop, the scope of the search, the *Terry* frisk, and the validity of his consent to search his person.[1]   Defendant now concedes all issues except the validity of the initial traffic stop.[2]   The government originally justified the stop on the grounds of a tip, a speeding violation, and a broken brake light.  The government now concedes that neither the tip nor the speeding provide sufficient grounds to warrant a stop

---

[1]Docket No. 12, Def.'s Mot. to Suppress, at 2.

[2]Docket No. 23, Def.'s Mem. in Support, at 3.

of the vehicle.[3]   Thus, the only remaining issue is whether the initial stop was based on

reasonable suspicion of a traffic or equipment violation.

The government does not dispute the facts as set forth in the Defendant's

Memorandum.   The undisputed facts relevant to the remaining issue are as follows:

On May 17, 2006, a drug enforcement detective (the Detective) for the City of Nephi

and Juab County received a tip from the Millard County Drug Task Force that a light blue

Ford Taurus that could be carrying drugs was heading toward Nephi, Utah.  He was also

told the task force did not have probable cause to stop the car and he would need his own

probable cause in order to stop the vehicle.

Based on that information, the Detective waited for the car to arrive where he was

positioned outside of Nephi.  He saw the car rapidly approaching and pulled onto the

highway behind it to pace it.   The stretch of highway was an area where the speed limit

dropped.  As the Detective paced the car it was initially above the limit, but its speed was

on the decline, so the Detective did not stop the car for speeding.  As the car slowed, he

observed that it had a brake light out.  He then pulled the car over for a brake light

violation.  Defendant was a passenger in the car.

"A traffic stop is a Fourth Amendment seizure but it does not violate the Fourth

Amendment if it is based on an observed traffic violation or if the police officer has

reasonable articulable suspicion that a traffic or equipment violation has occurred or is

---

[3]Docket No. 26, Gov't's Mem. in Opp., at 2.

occurring."[4]  "The government bears the burden of proving the reasonableness of the officers' suspicion."[5]

Defendant acknowledges that the Utah vehicle equipment statutes require that vehicles have two operable stop lamps, more commonly called brake lights, on the rear of the vehicle[6] and prohibit operating a vehicle "that is not equipped with lamps and other equipment in proper condition . . . as required."[7]  But he contends that this Court should take "judicial notice" of the fact that "it is generally known in this state that cars are often sold with three brake lights: two by the turn signals and a third in the rear windshield."[8]  He contends that evidence that one brake light was inoperable would not put him violation of the requirement for two brake lights.  He contends that it is the government's burden, not his, to prove that he was in violation of the statutes by having less than two operable brake lights.

The government contends that there is no evidence of a third brake light in the car's back window.  It further contends that the statute distinguishes between brake lights and the type of "supplemental stop lamps" that are mounted in rear windows.  Therefore it contends that the supplemental stop lamp is not included in the requirement for two

---

[4]*United States v. Laughrin*, 438 F.3d 1245, 1247 (10th Cir. 2006) (internal citation and quotation omitted).

[5]*U.S. v. Salzano,* 158 F.3d 1107, 1111 (10th Cir. 1998).

[6]Utah Code Ann. § 41-6a-1604(3)(a).

[7]Utah Code Ann. § 41-6a-1601(a)(ii).

[8]Def.'s Mem, at 4.

operable brake lights.  It also contends that the statute prohibiting operation of a vehicle "in an unsafe condition that may endanger any person"[9] requires all brake lights to be operable.

The statutes at issue are as follows:

**§ 41-6a-1604.** Motor vehicle head lamp, tail lamps, stop lamps, and other lamps--Requirements

* * *

(3)(a) A motor vehicle, . . . shall be equipped with two or more stop lamps and flashing turn signals.
(b) A supplemental stop lamp may be mounted on the rear of a vehicle, if the supplemental stop lamp: . . . conforms to federal standards regulating stop lamps.

(4)(a)  Each head lamp, tail lamp, supplemental stop lamp, flashing turn lamp, other lamp, . . . required under this part shall comply with the requirements and limitations established under Section 41-6a-1601.[10]

**§ 41-6a-1601.**  Operation of unsafe or improperly equipped vehicles on public highways--Exceptions

(1)(a) A person may not operate . . . on a highway a vehicle . . . which:
(i) is in an unsafe condition that may endanger any person;
(ii) . . .  is not at all times equipped with lamps and other equipment in proper condition . . . as required in this chapter;

* * *

(2)(a) In accordance with [the] Utah Administrative Rulemaking Act, . . . the department shall make rules setting minimum standards covering the design, . . ., condition, and operation of vehicle equipment for safely operating a motor vehicle on the highway as required under this part.
(b) The rules under Subsection (2)(a):

* * *

---

[9]Utah Code Ann. § 41-6a-601(1)(a)(ii).

[10]Utah Code Ann. § 41-6a-1604 (emphasis added)..

4

(ii) may incorporate by reference, in whole or in part, . . . nationally recognized and readily available standards and codes on motor vehicle safety;

\* \* \*

(c) The following standards and specifications for vehicle equipment are adopted:

\* \* \*

(iv) 49 C.F.R. 571 Standard 108 related to lights and illuminating devices;[11]

The Court declines Defendant's request that it take judicial notice of the proffered fact.  Even if there were evidence in this case of a supplemental stop or brake light the Court agrees with the government that all lamps on the vehicle are required to be operational.

In a similar case, *United States v. Fowler*[12] the defendant challenged a stop as invalid because the officer thought the defective lamp he observed was a brake light when it actually was a fog light.  The defendant contended that the statute did not require operational fog lights and the evidence showed that he was in compliance with the Utah equipment statute requiring tail lights.[13]  The *Fowler* court noted that the trooper was in error as to the applicable statute; but that he was correct in his understanding that the law requires that "all lights which are intended as brake lights work properly."[14]  The requirement that all lights work properly was in a federal regulation incorporated into the

---

[11]Utah Code Ann. § 41-6a-1601 (emphasis added).

[12]402 F.Supp.2d 1338 (D. Utah 2005).

[13]*Id.* at 1340-41.

[14]*Id.* at 1341.

Utah vehicle equipment statutes.[15]  The *Fowler* court further held that although the trooper had been mistaken about the fog light being a brake light or tail light, he nonetheless had a reasonable suspicion that a traffic violation might be occurring.[16]

In the present case, the Court agrees with *Fowler* that the Utah equipment statute, §41-6a-1601(2)(c) (quoted *supra*) incorporates the federal regulation.[17]  That regulation requires: "The stop lamps on each vehicle shall be activated upon application of the service brakes."[18]  The vehicle equipment statute requires that equipment be in proper condition as required by the Chapter, which includes the adopted regulation.[19]  Accordingly, reading the statutes and regulation together, a defective brake light is an equipment violation. Because the stop was on the basis of an equipment violation there is no Fourth Amendment violation.[20]  It is therefore

ORDERED that Defendant's Motion to Suppress (Docket No. 12) is DENIED.  It is further

---

[15]*Id.*

[16]*Id.* at 1341-42; *see also United States v. Martin*, 411 F.3d 998, 1002-03 (8th Cir. 2005) (finding traffic stop of vehicle for having non-functioning brake light was despite fact that traffic code at issue arguably required only one functioning brake light because an objectively reasonable officer could have formed a reasonable suspicion that defendant was committing a violation).

[17]49 C.F.R. § 571.108, S5.5.4.

[18]*Id.*

[19]§ 41-6a-1601(1)(A).

[20]*See also State v. Chevre*, 994 P.2d 1278, (Ut. Ct. App. 2000) (finding that defective brake light is an equipment violation that justifies an investigative stop by law enforcement).

ORDERED that the time from the filing of the Motion to Suppress through the date of the this order is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(F) and (J).

DATED  October 26, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge